Kuntz, J.
Elaine Kaplan appeals the court’s judgment affirming an arbitrator’s decision following voluntary binding arbitration conducted pursuant to section 44.104, Florida Statutes (2015). Because that statute provides for an appeal of the arbitrator’s decision to the circuit court and specifically bars “further review ... unless a constitutional issue is raised,” we dismiss this appeal for lack of jurisdiction.
The parties in this appeal chose to submit the entirety of their dispute to voluntary binding arbitration. The statute authorizing this procedure was enacted in 1987. Ch. 87-173, § 4, Laws of Fla. (codified at § 44.304(10), Fla. Stat. (1987)). The act provided that an appeal from a binding arbitration decision “shall be taken to the circuit court” and that “[n]o further review shall be permitted unless a constitutional issue is raised.” Id.
There has been one substantive change since the original enactment of the statute. In 1999, the Legislature amended the statute to add provisions relating to “voluntary trial resolution.” Ch. 99-225, Laws of Fla. Upon adding the provisions relating to voluntary trial resolutions, the Legislature moved the provision barring “further review” to its own subsection. The provisions relating to voluntary binding arbitration remain otherwise unchanged.[1]
*933 Thus, since its original enactment the statute has provided that when parties agree to submit to voluntary binding arbitration, the arbitrator’s decision is appeal-able to the circuit court, which is “limited to review on the record and not de novo, of’ (a) allegations the arbitrator failed to comply with the rules of procedure or evidence; (b) alleged partiality of the arbitrator; or (c) allegations that the arbitrator’s decision reaches a result contrary to the federal or state constitutions. § 44.104(10), Fla. Stat. (2015). Beyond the permitted review in the circuit court, the statute clearly provides that “[n]o further review shall be permitted unless a constitutional issue is raised.” See id. § 44.104(12).
Kaplan argues that the legislative staff notes prepared at the time of the 1999 amendments provide evidence of the Legislature’s intent to apply the jurisdictional bar to voluntary trial resolutions but not voluntary binding arbitration. However, “we do not consider legislative, history when the text is clear. ‘[I]n interpreting a statute ... courts must presume that a legislature says in a statute what it means and means in a statute what it says there.’ ” Villarreal v. R.J. Reynolds Tobacco Co., 839 F.3d 958, 969 (11th Cir. 2016) (en banc) (quoting Conn. Nat’l Bank v. Germain, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992)).
The plain text of the statute is clear and when legislation is clear “our task is to apply the text, not to improve upon it.” Pavelic & LeFlore v. Marvel Entm’t Group, 493 U.S. 120, 126, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989). Pursuant to section 44.104, when parties agree to submit to voluntary binding arbitration, their appeal is to the circuit court, and no further review is permitted unless a constitutional issue is raised.
In this appeal, Kaplan does not raise a constitutional issue. Therefore, no further review is permitted, and her appeal must be dismissed for lack of subject matter jurisdiction.

Appeal dismissed.

May and Klingensmith, JJ., concur.

. Florida Rule of Civil Procedure 1.830, titled “Voluntary Binding Arbitration,” generally mirrors the statute. We note, however, that subsection (c)(3) references section *933 44.104(11), Florida Statutes. Due to the amendments to the statute in 1999, and the creation of new subdivisions at that time, Rule 1.830(c)(3) should refer to section 44.104(13). Therefore, we request that the Clerk of Court serve a copy of this opinion on Roger J. Haughey, II, Chair of the Civil Procedure Rules Committee, so that the committee can consider amending the rule to conform to the statute as currently amended.