DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AUDRIE BLOOM,**
Appellant,

v.

**IRONHORSE PROPERTY OWNERS ASSOCIATION INC.,**
a Florida not-for-profit-corporation, **RICHARD LITNER** and
**DONALD GUNDERMANN,**
Appellees.

No. 4D17-1985

[April 11, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie Rowe, Judge; L.T. Case No. 2014CA001934 AO.

Audrie Bloom, Boynton Beach, pro se.

Therese A. Savona and Kathryn L. Ender of Cole, Scott & Kissane, P.A., Miami, for appellee Ironhorse Property Owners Association Inc.

GERBER, C.J.

A property owners association's former board member appeals from the circuit court's final judgment confirming a voluntary binding arbitration award in the association's favor. Because the former board member's appeal does not raise a constitutional issue, we dismiss the appeal for lack of jurisdiction pursuant to section 44.104, Florida Statutes (2016):

> (10) An appeal of a voluntary binding arbitration decision shall be taken to the circuit court and shall be limited to review on the record and not de novo, of:
>
> (a)  Any alleged failure of the arbitrators to comply with the applicable rules of procedure or evidence.
>
> (b)  Any alleged partiality or misconduct by an arbitrator prejudicing the rights of any party.

(c) Whether the decision reaches a result contrary to the Constitution of the United States or of the State of Florida.

. . . .

(12) . . . *No further review shall be permitted unless a constitutional issue is raised.*

§ 44.104(10), (12), Fla. Stat. (2016) (emphasis added). *See also Kaplan v. Epstein*, 219 So. 3d 932, 933 (Fla. 4th DCA 2017) ("Pursuant to section 44.104, when parties agree to submit to voluntary binding arbitration, their appeal is to the circuit court, and no further review is permitted unless a constitutional issue is raised.").

*Dismissed.*

MAY and DAMOORGIAN, JJ., concur.

\*　　\*　　\*

***Not final until disposition of timely filed motion for rehearing.***

2